IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES M. BROADHEAD, <br> AIS #224802, <br><br>     Plaintiff, <br><br> v. <br><br> K. TURNER, et al., <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   CASE NO. 2:21-CV-96-WHA-KFP <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff, a frequent federal litigant incarcerated at the Donaldson Correctional Facility, filed this 42 U.S.C. § 1983 action alleging that officials at the Bullock County Correctional Facility used excessive force against him. Doc. 1 at 3. Specifically, Broadhead alleges officers struck him in the testicles, causing him to fall to the ground, and continued to kick him in the testicles while on the ground because of the nature of his crime, i.e., the rape of an elderly woman.[1] Doc. 1 at 3.

**II.   DISCUSSION**

Broadhead did not pay the $350.00 filing fee or $52 administrative fee, and he did not file an application for leave to proceed in forma pauperis. The usual practice of this

---

[1] The records of this Court establish this Complaint is the most recent of many filed by Broadhead seeking to challenge this alleged instance of force. The factual allegations in all of his Complaints are virtually identical except for changes in the individuals named as defendants. Moreover, the Complaints indicate the challenged use of force occurred, at the latest, during the summer of 2018.

Court is to order a plaintiff to pay the filing and administrative fees or submit an application to proceed in forma pauperis. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] An inmate in violation of this "three strikes" provision who is not in "imminent danger" of suffering a serious physical injury must pay the required filing and administrative fees upon filing his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained in the Alabama prison system, has on at least four occasions had civil actions dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious: (1) *Broadhead v. Dozier,* Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian,* Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous); (3) *Broadhead v. Hopkins,* Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the court determined the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

(4) *Broadhead v. Kirrire,* Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

Therefore, because Broadhead has more than three strikes, he may not proceed in forma pauperis unless he demonstrates he is "under imminent danger of serious physical injury." In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to § 1915(g)'s three strikes bar, the facts contained in the complaint must show plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate").

Because the Complaint alleges the use of force that occurred, at the latest, over two years before the Complaint was filed, Broadhead has failed to demonstrate he "is under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed in forma pauperis must present facts sufficient to demonstrate "imminent danger" to circumvent "three strikes" provision of 28 U.S.C. § 1915(g)).

Consequently, even if Broadhead sought in forma pauperis status in this case, his request would be denied pursuant to 28 U.S.C. § 1915(g).[3]

For the above reasons, this case is due summary dismissal without prejudice for failure to pay the filing and administrative fees when the case was filed. *Dupree*, 284 F.3d at 1236 (holding that "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing [and now administrative] fee[s] at the time he ***initiates*** the suit") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the required fees when the case was filed.

It is further ORDERED that on or before **March 4, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

---

[3] Broadhead is well aware of his violation of 28 U.S.C. § 1915(g), as this Court has dismissed several of his cases based on this violation.

5

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of February, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE